B104 (FORM 104) (08/07)

## ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

**ADVERSARY PROCEEDING NUMBER** (Court Use Only)

FILED
U.S. Bankruptcy Court
of NC
AUG - 3 2016
Steven T. Salata, Clerk
Charlotte Division
JLB

**PLAINTIFFS**

Chad Shelton Broyhill

**DEFENDANTS**

AES/NCT, "American Education Services", National Collegiate Trust "NCT", Appalachian State University "App State Univ", College Foundation Inc., US Dept. Ed/ Great Lakes Educational Lo

**ATTORNEYS** (Firm Name, Address, and Telephone No.)

Pro Se

**ATTORNEYS** (If Known)

**PARTY** (Check One Box Only)
- ☑ Debtor
- ☐ U.S. Trustee/Bankruptcy Admin
- ☐ Creditor
- ☐ Other
- ☐ Trustee

**PARTY** (Check One Box Only)
- ☐ Debtor
- ☐ U.S. Trustee/Bankruptcy Admin
- ☑ Creditor
- ☐ Other
- ☐ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint to receive discharge under 11 USC 523(a)(8) "undue hardship", student loan.

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☑ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23
☐ Check if a jury trial is demanded in complaint | Demand $ 189,025.00

**Other Relief Sought**

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Chad Shelton Broyhill | BANKRUPTCY CASE NO.<br>16-50246 |||
| DISTRICT IN WHICH CASE IS PENDING<br>Western District of North Carolina | DIVISION OFFICE<br>NC Statesville Division || NAME OF JUDGE<br>Laura T. Beyer |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
|  |  ||  |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*/s/ Chad Shelton Broyhill* ||||
| DATE<br>August 03, 2016 || PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Chad Shelton Broyhill ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

FILED
U.S. Bankruptcy Court
of NC

AUG - 3 2016

Steven T. Salata, Clerk
Charlotte Division
JLB

| | |
|---|---|
| Chad Shelton Broyhill ) | Chapter 7 |
| ) | |
| Plaintiff, ) | Bankruptcy Case |
| ) | No. 16-50246 |
| vs. ) | |
| ) | Adversary Proceeding |
| Appalachian State University, AES/NCT, ) | No. |
| College Foundation Inc., National Collegiate Trust, ) | |
| US Dept. of Ed/Great Lakes Educational Lo ) | |
| ) | Complaint to Determine |
| Defendant. ) | Dischargeability of Student Loans |

## PARTIES

1. On August 03, 2016, Plaintiff, Chad Shelton Broyhill, residing at 1712 Old Salisbury Road, North Wilkesboro, NC 28659, filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code in this Court: Bankruptcy Case No. 16-50246.

2. John Taylor was duly appointed as Chapter 7 trustee of the Debtors bankruptcy estate, and he continues to serve in that capacity.

3. Defendant: 1 of 6). Appalachian State University, located at ASU Student Accounts Office, ASU Box 32005, Boone, NC 28608.

   Defendant: 2 of 6). AES/NCT, located at: PO Box 61047 Harrisburg, PA 17106.

   Defendant: 3 of 6). AES/NCT, located at: Aes/Ddb PO Box 8183 Harrisburg, PA 17105.

   Defendant: 4 of 6). College Foundation Inc., located at: 2917 Highwoods Blvd. Raleigh, NC 27604.

   Defendant: 5 of 6). National Collegiate Trust, located at: Transworld Sys Inc/926 507 Prudential Rd Horsham, PA 19044.

Defendant: 6 of 6).  US Dept. of Ed/Great Lakes Educational Lo, located at:  2401 International Madison, WI  53704.

all defendants are holders of unsecured debt's listed on: Schedule E/F-Creditors Who Have Unsecured Claims under the original Chapter 7 Bankruptcy Filing.

## JURISDICTION

4.  The court has jurisdiction over Mr. Broyhill's bankruptcy case pursuant to 28 U.S.C. §1334(a) and the automatic referral from the United States District Court. This bankruptcy court is authorized to enter a final judgment in this adversary proceeding because Mr. Broyhill seeks to except the Creditors' claims from discharge under 11 U.S.C. § 523(a)(8), and therefore the adversary proceeding qualifies as a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2)(I).

## APPLICABLE LAW

Under the *Brunner Test* in order for a student loan to be discharged, the debtor must establish each of the three following, by a preponderance of the evidence: [3] As noted by the district court, there is very little appellate authority on the definition of "undue hardship" in the context of 11 U.S.C. 523(a)(8)(B). Based on legislative history and the decisions of other district and bankruptcy courts, the district court adopted a standard for "undue hardship" requiring a three-part showing: (1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans. *Marie Brunner v. New York State Higher Education Services Corp.*

## VENUE

5.  Venue for this matter is proper pursuant to 28 U.S.C. §1391 (a)(3).

## FACTS

6.  Based on the Plaintiff's current lack of income, necessary monthly expenses and multiple health conditions, the Plaintiff will not be able maintain a minimal standard of living and repay the loan. The Plaintiff is currently in the process of waiting for approval for Supplemental Security Income (SSI) from Social Security Disability.

7. Mr. Broyhill has been permanently removed from the workforce due to multiple health condition including: Degenerative disc disease, lumbar spinal stenosis, anxiety, fibromyalgia, benign hypertension, supraventricular tachycardia, hypersomnia with sleep apnea, along with other issues, which have all been documented by his healthcare providers. These issues have left Mr. Broyhill unable to work and in turn caused an "undue hardship" which does not allow Mr. Broyhill to be able to successfully repay these student loans.

### CLAIM I

8. According to 11 U.S.C. Section 523 (a)(8) of the Bankruptcy Code, the loans are Dischargeable, because it would impose an 'undue' hardship on the debtor and the debtor's dependents.

### REQUEST FOR RELIEF

9. Plaintiff is requesting to have total for all debts mentioned in the above adversary proceeding to be fully discharged.

August 03, 2016

*Chad Shelton Broyhill* (signature)

Chad Shelton Broyhill
Plaintiff in Pro Se
1712 Old Salisbury Road
North Wilkesboro, NC  28659
336-467-1536